## L. J. RICE v. LONGFELLOW BROS. COMPANY.

December 19, 1899.

Nos. 11,765—(139).

Contract—Agency.

> The correspondence between the parties referred to in the opinion considered, and *held*, that it establishes a contract of agency whereby the plaintiff was to buy for and ship to the defendant certain fruit on its sole account.

Amending Answer.

> The trial court erred in denying the defendant's application to amend its answer.

Action in the district court for Hennepin county to recover $1,410 with interest on account of moneys advanced as agent, and commissions. The case was tried before McGee, J., who directed a verdict in favor of plaintiff for $1,436.35, and from an order denying a motion for a new trial, defendant appealed. Reversed.

*Fred W. Reed,* for appellant.

*Noyes & Prendergast,* for respondent.

START, C. J.

The allegations of the complaint, so far as here material, are to the effect that the defendant employed the plaintiff to purchase in Arizona for and to ship to it at Minneapolis certain fruit; that the plaintiff accepted the agency, and by direction of the defendant purchased and shipped to it two car loads of pears, for which he paid $600, and for the freight thereon $600 more, and for icing the refrigerator cars in which the pears were shipped the further sum of $180, or, in all, $1,380, which sum, with compensation for his services, he claimed to recover in this action.

The answer denied the allegations of the complaint, and set up

as a counterclaim that in reliance upon the representations of the plaintiff as to the character and quality of the pears, the manner of packing them, and the cost of shipping them, the defendant made a contract with him whereby he was to buy three car loads of pears upon the joint account of the parties, and to ship them to the defendant, to be sold by it in Minneapolis, and the profits and losses of the venture to be divided equally between them; that the pears were not of the kind and quality or packed as represented, in that one-third to one-half of them were gnarled and scarred, and not in a good merchantable condition, and that they were not properly packed; that such condition of the fruit was caused by the wrongful, unauthorized, and negligent conduct of the plaintiff, whereby the defendant sustained damages in the sum of $367.50. The reply denied the allegations of new matter in the answer.

On the trial the plaintiff gave evidence establishing prima facie his cause of action. The defendant then offered evidence tending to establish its counterclaim. The trial court excluded its evidence on the ground that the contract between the parties was not as alleged in the answer, but was a contract of agency whereby the plaintiff was to buy and ship the pears for the defendant as its agent. Thereupon the defendant asked leave to amend its answer to meet the court's interpretation of the contract by admitting that it was a contract of agency, and alleging a breach thereof, in that the plaintiff negligently performed the contract, and not in accordance with his instructions, whereby the defendant was damaged. The trial court denied the motion to amend, and directed a verdict for the plaintiff for $1,380 and interest. The defendant appealed from an order denying its motion for a new trial.

The first question to be considered is whether the trial court's ruling as to the contract was correct. The plaintiff's residence was Phoenix, Arizona, and that of the defendant Minneapolis, where it was engaged as a wholesale dealer in fruit. It was admitted on the trial that the contract was solely evidenced by letters and telegrams passing between the parties, all of which were offered in evidence. This documentary evidence is too voluminous to be here set out in detail. The preliminary correspondence between the parties shows that the defendant desired the plaintiff

to secure the shipment of fruit to it by the owners thereof, to be sold on commission. The plaintiff replied that fruit growers were accustomed to sell their fruit on the trees, and that it was difficult to get them to consign it, and stated that he had talked with the owner of an orchard containing 1,200 pear trees about making a consignment of his fruit, but that he wanted to sell on the tree for what he could get, and further:

"If, on receipt of this, you wish to buy his fruit, no doubt you could do so at a figure that there would be a large margin in, and, knowing the market, you could wire me any instruction you see fit, which I will make a faithful effort to carry out."

Five days thereafter the plaintiff wrote the defendant that the owner of the pear orchard referred to in his previous letter would not consign his fruit, but that he would sell. The letter gave the price at which the pears could be bought; also an estimate of the expenses of shipping the fruit, including packing, freight, and ice, and added:

"Now, then, you know the market there, and how long it will take to get it there, and if you can see anything in it to buy, I will do everything I can to make it a profitable deal; and, not having any business on my hands to interfere, will look after the work personally, and see that everything is right."

In answer to this letter the defendant wired the plaintiff thus:

"L. J. Rice, Phoenix: Ship quick, joint account, one car Bartlett pears, freight, as sample, packed and wrapped California style. Only green stock. Iced refrigerator. Wire shipment."

The plaintiff answered this by letter, in which, after stating that it was uncertain when he could get a refrigerator car, he said:

"I think I shall know something about the car to-morrow, but don't dare to close for the fruit until I do."

The next day he writes the defendant that he has sent it a sample box of the fruit, and requesting that on the receipt of the sample the defendant wire him whether to go ahead and ship, and added this caution:

"If market is such that there is danger of loss, don't fail to wire

me. They will cost not far from 3c. laid down in Minneapolis, so we must not ship if market goes down too near that."

The defendant evidently was not pleased with the conservatism of its proposed partner, and in answer to his letter wired him as follows:

"To L. J. Rice, Phoenix, Ariz.: Market always fluctuates. If you don't want to take risk, then name lowest price per box for all Bartletts in orchard mentioned. Say how many cars. Want stock wrapped, packed California style. Smaller pears than sample preferred. Answer quick how soon can ship refrigerator car."

Thereupon the following telegrams were exchanged between the parties:

"Phoenix, Arizona, 16th Aug., '98. Longfellow Bros., 504 Second Ave. North: One fifty hundred loaded, seventy-five orchard net. Three cars. One starts Saturday. L. J. Rice. 11:45 p. m."

"Minneapolis, Minn., Aug. 17, 1898. L. J. Rice: Your price would figure 60 cents box of 40 pounds net weight f. o. b. If this is right, go ahead, and load 500 boxes per car. Answer. Longfellow Bros. Co."

"Phoenix, Ariz., Aug. 17, 1898. To Longfellow Bros.: Yes, sixty cents net to owner f. o. b. First car Saturday. L. J. Rice."

"Minneapolis, Minn., Aug. 19. L. J. Rice, Phoenix: Route all shipments care Chicago, Milwaukee & St. Paul at Kansas City. Longfellow Brothers."

This correspondence shows that the proposed contract that the parties should buy, ship, and sell on joint account—the contract alleged in the answer—was never completed, and that the contract actually made was, as the trial court found, one of agency, whereby the plaintiff was to buy and ship the pears on the sole account of the defendant. The ruling of the court excluding the defendant's evidence to establish its counterclaim on the grounds stated was, therefore, logically correct.

But it is clear from the pleadings that the complaint and answer referred to the same contract or transaction between the parties, the only difference being that the answer set it out as a contract for the purchase and shipping of the pears on joint account, while the complaint correctly construed it as one of agency for the pur-

chase of the pears on the sole account of the defendant. The alleged breach of the contract was the same whether the contract be construed as one for the purchase of the pears on the joint account of the parties, or as one of agency for the purchase of the pears on the sole account of the defendant. The only substantial change in the answer asked for was that the defendant be permitted to admit the contract as alleged in the complaint, leaving the allegations as to a breach thereof substantially as they were in the original answer. The proposed amendment was only a formal one, and the trial court, in the exercise of a reasonable discretion, ought to have allowed it. It was error not to do so.

Order reversed, and a new trial granted.